## Abe Tubor and Sam Velick, Defendants in Error, v. Timothy Crimmings, Plaintiff in Error.

### Gen. No. 19,808.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

.Action by Abe Tubor and Sam Velick against Timothy ·Crimmings to recover rent due under a written lease. To reverse a judgment in favor of plaintiffs, defendant prosecutes a writ of error.

Defendant urged as ground for reversal that the evidence showed he did not sign the lease and also that the lease was surrendered "by an executed agreement between the parties."

BEAUREGARD F. MOSELEY, for plaintiff in error.

CLINE C. BROSIUS, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chambers v. Chicago City Ry. Co., 189 Ill. App. 63.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 325*—*when finding as to execution of lease will not be disturbed.* A finding in favor of plaintiff in a suit for rent on a written lease will not be disturbed on the ground that the evidence shows that defendant did not sign the lease, where it appears that his name was signed to the lease by his brother and that he ratified his brother's act by taking possession of and occupying the premises and paying rent under it for several months, and it also appears that the affidavit of merits does not deny the execution of the lease.

2. LANDLORD AND TENANT, § 325*—*sufficiency of evidence to show surrender of lease.* In an action for rent where the defense was that there had been a surrender of the lease by agreement, a finding in favor of plaintiffs on conflicting evidence *held* sustained by the evidence.